IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LEON DRUMMOND and LEE WILLIAMS,
on behalf of themselves and all others
similarly situated

        Plaintiffs,

v.                                                                                                 Case No.  21-cv-4479

PROGRESSIVE SPECIALTY INSURANCE
COMPANY and PROGRESSIVE
ADVANCED INSURANCE COMPANY,

        Defendants.

## CLASS ACTION COMPLAINT

Plaintiffs Leon Drummond and Lee Williams ("Plaintiffs") bring this class action on behalf of themselves and all others similarly situated, by and through undersigned counsel, and for their Complaint against Progressive Specialty Insurance Company ("Progressive Specialty"); and Progressive Advanced Insurance Company ("Progressive Advanced") (collectively "Defendants" or "Progressive"):

## INTRODUCTION

1.      This is a class action in which Plaintiffs seek to represent insureds in Pennsylvania who received a payment for the loss of a totaled vehicle from Defendants, where Defendants used valuation reports prepared by Mitchell International, Inc. ("Mitchell") to determine the actual cash value of the loss vehicles. Under their insurance policy terms and applicable Pennsylvania law, Defendants have a duty to pay, and represent that they will pay, the actual cash value of a loss vehicle when adjusting total loss claims. By using the Mitchell valuation reports, however,

1

Defendants systemically thumb the scale when calculating the actual cash value of claimants' loss vehicles.

2. Rather than use the internet list price of comparable vehicles, Defendants improperly reduce that price, and in turn the valuation amount, by applying what they call "Projected Sold Adjustments" without any documentation or evidence that the assumed discount was available. These adjustments are based on a factually erroneous assumption that consumers typically negotiate a discount off the list price, which, during the Class period would be highly atypical and contrary to the modern used car industry's market pricing and inventory management practices. These Projected Sold Adjustments are also contrary to appraisal standards and methodologies that do not permit arbitrary adjustments not based on observed and verifiable data. The impropriety and arbitrariness of Defendants' Projected Sold Adjustments are further demonstrated by the fact that (a) they are not applied by the major competitor of Defendants' vendor Mitchell, and (b) not applied by Defendants to insureds in other states, including California and Washington.

3. This pattern and practice of undervaluing comparable and total loss vehicles when paying automobile total loss claims through the systemic use of these invalid adjustments, which benefits the insurer at the expense of the insured, violates Defendants' policies with their insureds.

## JURISDICTION AND VENUE

4. Minimal diversity exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1441(a)-(b), and 1453. Plaintiffs and the proposed class members are citizens of the State of Pennsylvania. Each Defendant is a Delaware Corporation that has its corporate headquarters in Mayfield Village, OH, and, at all relevant times hereto, each Defendant was

engaged in the business of marketing and selling insurance policies and adjusting insurance claims in the State of Pennsylvania.

5. Plaintiffs estimate that there are more than 100 putative class members, and the aggregate compensatory damages (in the amount of the Projected Sold Adjustments that were deceptively deducted), claimed by Plaintiffs and the Class are estimated in good faith to exceed $5,000,000.

6. Venue is proper in this District under 28 U.S.C. § 1391, as a substantial portion of the conduct giving rise to Plaintiffs' claims occurred in this District, and Defendants transact business in this District.

**PARTIES**

7. Plaintiff Leon Drummond resides in Northampton County, Pennsylvania. At all relevant times, Plaintiff Drummond was contracted with Progressive Specialty for automobile insurance. On or about July 16, 2021, Plaintiff Drummond was in a car wreck and Progressive Specialty deemed his vehicle to be a total loss.

8. Plaintiff Lee Williams resides in Schuylkill County, Pennsylvania. At all relevant times, Plaintiff Williams was contracted with Progressive Advanced for automobile insurance. On or about June 13, 2018, Plaintiff Williams was in a car wreck and Progressive Advanced deemed his vehicle to be a total loss.

9. Defendant Progressive Specialty has its corporate headquarters located at 6300 Wilson Mills Rd, W33, Mayfield Village, OH 44143. Progressive Specialty issues insurance policies in Pennsylvania and is registered with the Pennsylvania Insurance Department. At all relevant times, Progressive Specialty conducted business within this County and the State of Pennsylvania.

10. Defendant Progressive Advanced has its corporate headquarters located at 6300 Wilson Mills Rd, W33, Mayfield Village, OH 44143. Progressive Advanced issues insurance policies in Pennsylvania and is registered with the Pennsylvania Insurance Department. At all relevant times, Progressive Advanced conducted business within this County and the State of Pennsylvania.

11. According to the Progressive website[1], Defendants, in coordination with other affiliated entities within the Progressive Group, conduct business in Pennsylvania and throughout the country under the brand Progressive, or the Progressive Group of Insurance Companies. Defendants, representing themselves as Progressive or Progressive Group of Insurance Companies, adjust total loss claims for Pennsylvania insureds like the putative members of the Classes pursuant to the same contractual obligations, same policies and practices, by the same adjustor employees working in the same claims centers, utilizing a single website (www.progressive.com), and using the same address, telephone number, trademarks and letterhead on correspondence.

12. In 2019, The Insurance Department of the Commonwealth of Pennsylvania issued a Market Conduct Examination Report for both Progressive Specialty and Progressive Advanced. The investigations were conducted at the same location in Camp Hill, on the same days, with the same conclusions of violations, and resulted in substantively identical orders. Indeed, for both Progressive entities, the Insurance Department found that the appraisals it used in valuing total loss vehicles—*i.e.* Mitchell reports—violated state regulations.

---

[1] https://www.progressive.com/auto/.

**FACTUAL ALLEGATIONS**

13. On July 16, 2021, Plaintiff Drummond was involved in a car wreck and sustained physical damage to his vehicle. At the time of the car wreck, Plaintiff Drummond was contracted with Progressive Specialty for automobile insurance.

14. On June 13, 2018, Plaintiff Williams was involved in a car wreck and sustained physical damage to his vehicle. At that time of the car wreck, Plaintiff Williams was contracted with Progressive Advanced for automobile insurance.

15. Like all members of the putative Classes, each Plaintiff made a property damage claim to Defendants.

16. Pursuant to the same policies and procedures, Defendants declared both Plaintiffs' vehicles to be a total loss and purported to offer each of them the actual cash value of their loss vehicles, as they promised and represented they would under the uniform provisions of their insurance policies.

17. When calculating their valuations and claims payments, Defendants systemically employ a routine "total loss settlement process." The process has no material differences relevant to this action. This process involves obtaining a "Vehicle Valuation Report" from Mitchell and then using and relying upon the valuation provided by Mitchell to determine the benefit payment under the policy. Defendants provided a Mitchell Vehicle Valuation Report for Plaintiff Drummond on July 23, 2021. *See* Exhibit 1. Similarly, Defendants provided a Mitchell Vehicle Valuation Report for Plaintiff Williams on June 18, 2018. *See* Exhibit 2.

18. The Mitchell Vehicle Valuation Reports used by Defendants during the relevant period followed the same process, provided and disclosed the same or substantially the same material information, and presented that material information in the same or substantially the same

format. These valuation reports purport to contain values for comparable vehicles recently sold or for sale in the claimant's geographic area. The reports also contain a purported valuation for the loss vehicle based upon advertisements for comparable vehicles listed in the report. The report then adjusts the advertised prices of those comparable vehicles to account for differences in equipment, mileage, and vehicle configuration. *See* Exhibit 1 at pp. 5-8; Exhibit 2 at pp. 6-12.

19. In addition, however, the valuation reports used by Defendants make a further adjustment to each loss vehicle called a "Projected Sold Adjustment." For Plaintiff Drummond, Projected Sold Adjustments in the amounts of -$1,223.00, -$998.00, -$1,078.00, -$890.00, -$1,001.00, and -$1,117.00, respectively, were applied to each of the six comparable vehicles. *See* Exhibit 1 at pp. 5-8. For Plaintiff Williams, Projected Sold Adjustments in the amounts of -$1,234.98, -$962.00, -$878.00, -$925.00, -$930.00, -$923.00, -998.00, -$923.00, -$1258.00, and -$908.00, respectively, were applied to each of the ten comparable vehicles. *See* Exhibit 2 at pp. 6-10.

20. Defendants provide no data specific to the comparable vehicles or any explanation of industry practices in their valuation reports to support *any* Projected Sold Adjustment, much less the specific downward adjustments used in Plaintiffs' valuation reports. Instead, the *only* explanation is buried on the last page of each report, stating in full: "Projected Sold Adjustment – an adjustment to reflect consumer purchasing behavior (negotiating a different price than the listed price)." *See* Exhibit 1 at p. 9; Exhibit 2 at p. 11.

21. In truth, Defendants' Projected Sold Adjustments do not reflect market realities (the context in which "consumer behavior" occurs) and run contrary to customary automobile dealer practices and inventory management, where list prices are priced to market to reflect the intense competition in the context of internet pricing and comparison shopping. A negotiated price

discount would be highly atypical and therefore is not proper to include in determining actual cash value. The inclusion of this significant downward adjustment purportedly to "reflect consumer purchasing behavior" is particularly improper in the context of this action—insureds who have suffered a total loss of their vehicle and need to procure a replacement and have limited time to search out the illusory opportunity to obtain the below-market deal Defendants assume always exists without any explanation or support.

22. Defendants' Projected Sold Adjustments are contrary to appraisal standards. There are multiple generally-recognized and acceptable methodologies for determining actual cash value, including use of comparable vehicles. Defendants begin the process of valuing loss vehicles using comparative methodology but improperly deviate from that process by thumbing the scales in favor of Progressive. Defendants document the loss vehicle's and each comparable vehicle's mileage, options, and trim, which are compared in the report, and make dollar adjustments accordingly. Plaintiffs do not challenge these documented adjustments. At this stage of the process, Defendants abandon the comparative methodology and apply adjustments that are contrary to proper appraisal methodologies for determining actual cash value. Appraisers use advertised prices and only make adjustments based on observed and verifiable data; appraisal standards do not permit arbitrary adjustments from the advertised price based upon undocumented and unverifiable projections.

23. The impropriety and arbitrariness of Defendants' Projected Sold Adjustments are further demonstrated by the fact that Mitchell's primary competitor in providing valuation reports to insurance companies—CCC Intelligent Solutions—does not apply projected sold adjustments in this manner. Instead, CCC Intelligent Solutions uses list prices.

24.     The impropriety and arbitrariness of Defendants' Projected Sold Adjustments are further demonstrated by the fact that Progressive Group entities do not apply these adjustments when valuing total losses in California and Washington. There is no justification for applying these adjustments when valuing total losses in Pennsylvania while not subjecting California and Washington claimants to the same negative adjustments.

25.     Plaintiffs and each member of the Classes were damaged by Defendants' application of these Projected Sold Adjustments because they were not paid the actual cash value they would have received had Defendants applied proper methodologies and appraisal standards.

26.     Were it not for this improper adjustment, the "Base Value" in each valuation report would have been higher, resulting in a higher "settlement value" and in turn a higher payment by Defendants for actual cash value. Specifically, for Plaintiff Drummond, were it not for this improper adjustment, the payment of actual cash value by Defendants would have been $1,051.17 higher,[2] before adding the related increase in payments for applicable sales taxes. Specifically, for Plaintiff Williams, were it not for this improper adjustment, the payment of actual cash value by Defendants would have been $994.00 higher,[3] before adding the related increase in payments for applicable sales taxes.

## CLASS ALLEGATIONS

27.     This action is brought by Plaintiffs as a class action, on their own behalf and on behalf of all others similarly situated, Federal Rule of Civil Procedure 23, for damages, plus interest, costs, and attorney's fees. Plaintiffs seek certification of this action as a class action on behalf of the following Classes:

---

[2] $1,051.17 is the average of the Projected Sold Adjustments applied to each of the three comparable vehicles in Plaintiff Drummond's valuation report.
[3] $994.00 is the average of the Projected Sold Adjustments applied to each of the three comparable vehicles in Plaintiff Williams's valuation report.

**Progressive Specialty Class**: All persons who made a first-party claim on a policy of insurance issued by Progressive Specialty to a Pennsylvania resident who, from the earliest allowable time through the date of resolution of this action, received compensation for the total loss of a covered vehicle, where that compensation was based on a valuation report prepared by Mitchell and the actual cash value was decreased based upon Projected Sold Adjustments to the comparable vehicles used to determine actual cash value.

**Progressive Advanced Class**: All persons who made a first-party claim on a policy of insurance issued by Progressive Advanced to a Pennsylvania resident who, from the earliest allowable time through the date of resolution of this action, received compensation for the total loss of a covered vehicle, where that compensation was based on a valuation report prepared by Mitchell and the actual cash value was decreased based upon Projected Sold Adjustments to the comparable vehicles used to determine actual cash value.

28. Plaintiffs reserve the right to amend or modify the definitions of the Classes.

29. Excluded from the Classes are the Defendants, any parent, subsidiary, or control person of the Defendants, as well as the officers and directors of the Defendants and the immediate family members of any such person. Also excluded is any judge who may preside over this cause of action.

30. **Numerosity.** The exact number of the Classes, as herein identified and described, is not known, but it is estimated to be in the tens of thousands. Accordingly, the Classes are so numerous that joinder of individual members herein is impracticable.

31. **Commonality.** There are common questions of law and fact in the action that relate to and affect the rights of each member of the putative Classes and the relief sought is common to all members of the Classes. In particular, the common questions of law and fact include:

    a. Whether Defendants systemically used Mitchell's Vehicle Valuation Reports in adjusting total loss claims to determine actual cash value;

    b. Whether the Mitchell Vehicle Valuation Reports included Projected Sold Adjustments to the value of the comparable vehicles that reduced the base

9

   value, and thus the claim amount paid by Defendants for the actual cash value of Plaintiffs' and members' of the Classes total loss vehicles;

  c. Whether Defendants' acts violated their obligations under the policy of insurance; and

  d. Whether Plaintiffs and the Classes are entitled to compensatory damages, and if so, the calculation of damages.

32. **Typicality.** The claims of the Plaintiffs, who are representative of the Classes herein, are typical of the claims of the proposed Classes, in that the claims of all members of the proposed Classes, including the Plaintiffs, depend on a showing of the acts of Progressive giving rise to the right of Plaintiffs to the relief sought herein. There is no conflict between the individually named Plaintiffs and the other members of the proposed Classes with respect to this action, or with respect to the claims for relief set forth herein.

33. **Adequacy.** The named Plaintiffs are the representative parties for the Classes, and are able to, and will fairly and adequately, protect the interests of the Classes. The attorneys for the Plaintiffs and the Classes are experienced and capable in complex civil litigation, insurance litigation, and class actions.

34. **Predominance & Superiority.** Class certification is appropriate under Fed. R. Civ. P. 23(a) and (b)(3), because the common questions of law and fact in this case predominate over questions affecting only individual members of the Classes, and a class action is the superior method for fair and efficient adjudication of the controversy. The likelihood that individual members of the Classes will prosecute separate action is remote due to the time and expense necessary to conduct such litigation. The class action procedure would permit a large number of injured persons to prosecute their common claims in a single forum simultaneously, efficiently,

and without unnecessary duplication of evidence and effort. Class treatment also would permit the adjudication of claims by class members who claims are too small and complex to individually litigate against a large corporate defendant.

35. **Final Declaratory or Injunctive Relief.** Plaintiffs also satisfy the requirements for maintaining a class action under Fed. R. Civ. P. 23(a) and (b)(2). Defendants have acted or refused to act on grounds that apply generally to the proposed Classes, making final declaratory or injunctive relief appropriate with respect to the proposed Classes as a whole.

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT
(ON BEHALF OF PLAINTIFF DRUMMOND
AND THE PROGRESSIVE SPECIALTY CLASS)

36. Plaintiffs hereby repeat and reallege all preceding paragraphs contained herein.

37. Plaintiff Drummond made a claim for property damage on his Progressive Specialty insurance policy.

38. At the time of his claim, Plaintiff Drummond was party to an insurance contract requiring Progressive Specialty to handle, adjust, and pay insureds the actual cash value of their total loss claim.

39. Before making his claim, and in the time since, Plaintiff Drummond has performed all obligations under his policy of insurance and was entitled to the benefits he contracted for in his policy.

40. Through the use of improper and unfounded Projected Sold Adjustments in Mitchell vehicle valuation reports, as detailed above, Defendant Progressive Specialty handled, adjusted, and paid Plaintiff Drummond's claim, and the claims of the members of the proposed Progressive Specialty Class, for less than the actual cash value required by the insurance contract.

41.     As a direct result of Defendant Progressive Specialty's breaches, Plaintiff Drummond and members of the Progressive Specialty Class sustained actual damages. Plaintiff Drummond's damages are at least $1,051.17 (before calculation of additional sales tax benefits), plus pre-judgment and post-judgment interest.

**SECOND CAUSE OF ACTION**
**BREACH OF CONTRACT**
(ON BEHALF OF PLAINTIFF WILLIAMS
AND THE PROGRESSIVE ADVANCED CLASS)

42.     Plaintiffs hereby repeat and reallege all preceding paragraphs contained herein.

43.     Plaintiff Williams made a claim for property damage on his Progressive Advanced insurance policy.

44.     At the time of his claim, Plaintiff Williams was party to an insurance contract requiring Progressive Advanced to handle, adjust, and pay insureds the actual cash value of their total loss claim.

45.     Before making his claim, and in the time since, Plaintiff Williams has performed all obligations under his policy of insurance and was entitled to the benefits he contracted for in his policy.

46.     Through the use of improper and unfounded Projected Sold Adjustments in Mitchell vehicle valuation reports, as detailed above, Defendant Progressive Advanced handled, adjusted, and paid Plaintiff Williams's claim, and the claims of the members of the proposed Progressive Advanced Class, for less than the actual cash value required by the insurance contract.

47.     As a direct result of Defendant Progressive Advanced's breaches, Plaintiff Williams and members of the Progressive Advanced Class sustained actual damages. Plaintiff Williams's damages are at least $994.00 (before calculation of additional sales tax benefits), plus pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
**DECLARATORY JUDGMENT**
(ON BEHALF OF PLAINTIFF DRUMMOND
AND THE PROGRESSIVE SPECIALTY CLASS)

48. Plaintiffs hereby repeat and reallege all preceding paragraphs contained herein.

49. A judiciable dispute between Plaintiff Drummond and the proposed Progressive Specialty Class and Defendant Progressive Specialty is before this Court under 28 U.S.C. § 2201, *et seq.*, concerning the construction of the auto insurance policies issued by Defendant Progressive Specialty and the rights arising under those policies.

50. Plaintiff Drummond, for himself and on behalf of the Progressive Specialty Class, seeks a declaration of rights and liabilities of the parties herein. Specifically, Plaintiff Drummond is seeking a declaration that in paying total loss claims with first-party insureds, it is a breach of the insurance contract with Progressive Specialty for Progressive Specialty to base the valuation and payment of claims on values of comparable vehicles that have been reduced by factually erroneous Projected Sold Adjustments.

51. Progressive Specialty's unlawful common policy and general business practice of applying Projected Sold Adjustments is ongoing. Accordingly, Progressive Specialty has breached, and continues to breach, the express terms of its contracts of insurance with Plaintiff Drummond and members of the Progressive Specialty Class requiring it to settle total loss claims on the basis of the total loss vehicle's actual cash value.

52. As a result of these breaches of contract, Plaintiff Drummond and the proposed Progressive Specialty Class members have been injured. Plaintiff Drummond's and proposed

Progressive Specialty Class members' damages include the amounts illegally deducted by Progressive Specialty from the insureds' payments.

53. Plaintiff Drummond seeks a declaration that Progressive Specialty's application of unfounded Projected Sold Adjustments results in a valuation of less than the actual cash value Progressive Specialty is required under its insurance contracts to pay insureds.

**FOURTH CAUSE OF ACTION**
**DECLARATORY JUDGMENT**
(ON BEHALF OF PLAINTIFF WILLIAMS
AND THE PROGRESSIVE ADVANCED CLASS)

54. Plaintiffs hereby repeat and reallege all preceding paragraphs contained herein.

55. A judiciable dispute between Plaintiff Williams and the proposed Progressive Advanced Class and Defendant Progressive Advanced is before this Court under 28 U.S.C. § 2201, *et seq.*, concerning the construction of the auto insurance policies issued by Defendant Progressive Advanced and the rights arising under those policies.

56. Plaintiff Williams, for himself and on behalf of the Progressive Advanced Class, seeks a declaration of rights and liabilities of the parties herein. Specifically, Plaintiff Williams is seeking a declaration that in paying total loss claims with first-party insureds, it is a breach of the insurance contract with Progressive Advanced for Progressive Advanced to base the valuation and payment of claims on values of comparable vehicles that have been reduced by factually erroneous Projected Sold Adjustments.

57. Progressive Advanced's unlawful common policy and general business practice of applying Projected Sold Adjustments is ongoing. Accordingly, Progressive Advanced has breached, and continues to breach, the express terms of its contracts of insurance with Plaintiff Williams and members of the Progressive Advanced Class requiring it to settle total loss claims on the basis of the total loss vehicle's actual cash value.

58. As a result of these breaches of contract, Plaintiff Williams and the proposed Progressive Advanced Class members have been injured. Plaintiff Williams's and proposed Progressive Advanced Class members' damages include the amounts illegally deducted by Progressive Advanced from the insureds' payments.

59. Plaintiff Williams seeks a declaration that Progressive Advanced's application of unfounded Projected Sold Adjustments results in a valuation of less than the actual cash value Progressive Advanced is required under its insurance contracts to pay insureds.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, respectfully request that this Court:

a) determine that this action may be maintained as a class action under Federal Rule of Civil Procedure 23, certify the proposed Classes for class treatment, appoint Plaintiffs as class representatives for the Classes, and appoint undersigned counsel as Class Counsel;

b) enter an order finding that Defendants' actions described herein constitute breaches of the express terms of their policies of insurance;

c) award Plaintiffs and members of the Classes actual damages according to proof;

d) enter a declaratory judgment that in paying total loss claims with first-party insureds, it is a breach of the insurance contract with Defendants for Defendants to base the valuation and payment of claims on values of comparable vehicles that have been reduced by Projected Sold Adjustments;

e) enter further relief based on the declaratory judgment including an order enjoining Defendants from basing the valuation and payment of claims on values of comparable vehicles that have been reduced by Projected Sold Adjustments;

f) award pre-judgment and post-judgment interest at the maximum rate permitted by applicable law;

g) award reasonable attorney's fees and litigation costs and expenses pursuant to applicable law; and

h) grant such other legal and equitable relief as the Court may deem appropriate, including specific performance as an alternative to damages.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues so triable.

Dated: October 12, 2021        Respectfully submitted,

/s/ Ruben Honik
Ruben Honik
David J. Stanoch
HONIK LLC
1515 Market Street, Suite 1100
Philadelphia, PA 19102
Tel: 267-435-1300
ruben@honiklaw.com
david@honiklaw.com

and

Joseph Henry ("Hank") Bates, III (*pro hac vice* pending)
Lee Lowther (*pro hac vice* forthcoming)
Tiffany Oldham (*pro hac vice* forthcoming)
Jake G. Windley (*pro hac vice* forthcoming)
CARNEY BATES & PULLIAM, PLLC
519 W. 7th St.
Little Rock, AR 72201
Phone: 501-312-8500
Fax: 501-312-8505
hbates@cbplaw.com