IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEON DRUMMOND, LEE WILLIAMS, and YESHONDA DRIGGINS, on behalf of themselves and all others similarly situated, | : : : : : | |
| Plaintiffs, | : | CIVIL ACTION NO. 21-4479 |
| v. | : : | |
| PROGRESSIVE SPECIALTY INSURANCE COMPANY and PROGRESSIVE ADVANCED INSURANCE COMPANY, | : : : : : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this 11th day of August, 2023, after considering the plaintiffs' motion for class certification (Doc. No. 52), the defendants' response in opposition to the motion (Doc. No. 56), and the plaintiffs' reply in support of the motion (Doc. Nos. 66–67); and after considering the defendants' motions to exclude the reports and testimonies of Jeffrey Martin, Jason Merritt, Paul Mlinko, and Kirk Felix (Doc Nos. 71–72, 74–75), the plaintiffs' responses in opposition to the motions (Doc. Nos. 82–87), and the defendants' replies in support of the motions (Doc. Nos. 88–91); and after considering all relevant supplemental authority; and after hearing oral argument on the aforementioned motions; and for the reasons set forth in the separately filed memorandum opinion, it is hereby **ORDERED** as follows:

1. The defendants' motions to exclude expert reports and testimonies (Doc. Nos. 71–72, 74–75) are **DENIED**;

2. The plaintiffs' motion for class certification (Doc. No. 52) is **GRANTED**;

3. The court certifies two classes of plaintiffs under the following definitions:

      a.      "**Progressive Advanced Class:** All persons who made a first-party claim on a policy of insurance issued by Progressive Advanced Insurance Company to a Pennsylvania resident who, from October 12, 2017 through the date an order granting class certification is entered, received compensation for the total loss of a covered vehicle, where that compensation was based on a "dual source" valuation report prepared by Mitchell (i.e. report type code = "DSCN") and the actual cash value was decreased based upon Projected Sold Adjustments to the comparable vehicles used to determine actual cash value." Pls.' Mot. for Class Certification at 1, Doc. No. 52 (footnote omitted);

      b.      "**Progressive Specialty Class:** All persons who made a first-party claim on a policy of insurance issued by Progressive Specialty Insurance Company to a Pennsylvania resident who, from October 12, 2017 through the date an order granting class certification is entered, received compensation for the total loss of a covered vehicle, where that compensation was based on a "dual source" valuation report prepared by Mitchell (i.e. report type code = "DSCN") and the actual cash value was decreased based upon Projected Sold Adjustments to the comparable vehicles used to determine actual cash value." *Id.* (footnote omitted);

4.    The court approves as class counsel Freed Kanner London & Millen LLC (Jonathan M. Jagher, Esq.), Normand PLLC (Amy L. Judkins, Esq., Edmund A. Normand, Esq., and Jacob L. Phillips, Esq.), Carney Bates & Pulliam PLLC (Edwin Lee Lowther, Esq., Jake G. Windley, Esq., Joseph Henry Bates, III, Esq., and Tiffany Oldham, Esq.), and Honik LLC (Ruben Honik, Esq.);

5.    The court approves Lee Williams and Yeshonda Driggins as class representatives for the Progressive Advanced Class;

6. The court approves Leon Drummond as class representative for the Progressive Specialty Class;

7. Within two weeks from the date of this order, counsel for the plaintiffs shall provide counsel for the defendants with a draft copy of the notice that shall be sent to the class members;

8. In accordance with Federal Rule of Civil Procedure 23(c)(2)(B), the notice shall include the following information:

    a. "[T]he nature of the action;"

    b. "[T]he definition of the class certified;"

    c. "[T]he class claims, issues, or defenses;"

    d. "[T]hat a class member may enter an appearance through an attorney if the member so desires;"

    e. "[T]hat the court will exclude from the class any member who requests exclusion;"

    f. "[T]he time and manner for requesting exclusion; and"

    g. "[T]he binding effect of a class judgment on members under Rule 23(c)(3);"

9. Once counsel for the defendants and counsel for the plaintiffs have agreed upon a draft notice, and within thirty (30) days from the date of this order, counsel for the plaintiffs shall send the notice to the court; and

10. Within thirty (30) days from the date of this order, counsel for the plaintiffs shall submit a proposed plan for sending the notice to the class.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.